IH-32   Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

**Full Caption of Later Filed Case:**

Power Forward Communities, Inc., on behalf of itself and its award subrecipients

| Plaintiff | Case Number |
|---|---|
| vs. | Civil Action No. 1:25-cv-2021 |
| Citibank, N.A. | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

Coalition for Green Capital

| Plaintiff | Case Number |
|---|---|
| vs. | 1:25-cv-01964 |
| Citibank, N.A. | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed  (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✔ Open  (If so, set forth procedural status and summarize any court rulings.)

Coalition for Green Capital filed its Complaint in Civil Action No. 1:25-cv-01964 on March 10, 2025. The Honorable Edgardo Ramos has been assigned to that case.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This action and the earlier-filed suit concern substantially similar parties, property, and events. There is significant factual overlap and, absent a determination of relatedness, there would be a substantial duplication of effort and expense.

Plaintiff Power Forward Communities, Inc. ("PFC") and Coalition for Green Capital ("CGC"), Plaintiff in case no. 1:25-cv-01964, are two of three grant recipients under the $14 billion National Clean Investment Fund ("NCIF"). The NCIF program is part of the U.S. Environmental Protection Agency's ("EPA") Greenhouse Gas Reduction Fund, established under the Inflation Reduction Act of 2022. PFC is the recipient of a $2 billion NCIF award; CGC is the recipient of a $5 billion award.

The U.S. Department of the Treasury executed a financial agent agreement with Defendant Citibank, N.A. ("Citibank") pursuant to which the grant funds of NCIF recipients (including PFC and CGC) and their award subrecipients are held at Citibank. PFC and CGC each entered into an Account Control Agreement ("ACA") with Citibank and EPA, under which Citibank is obligated to perform the "administrative or ministerial" task of releasing funds upon receipt of a transfer instruction from the NCIF award recipient (i.e., PFC or CGC) or a subrecipient. Each of PFC's and CGC's subrecipients also entered into an ACA with Citibank and PFC or CGC, with PFC or CGC as the secured party in that arrangement. Beginning on or around February 14, 2025, however, Citibank froze the accounts of PFC, CGC, and their respective subrecipients and has refused to disburse requested funds -- without explanation.

Both CGC's earlier-filed complaint and PFC's later-filed action allege that common Defendant Citibank has wrongfully withheld grant funds that plaintiffs PFC and CGC have an immediate legal right to possess. Both suits assert the same causes of action (Breach of Contract, Conversion, and Replevin) and request similar declaratory and injunctive relief. Thus, both cases concern Citibank in its role as financial agent under the NCIF program and its unjustified refusals to disburse NCIF funds under PFC's and CGC's agreements with the bank. Separate adjudication could result in conflicting orders, particularly given that PFC and CGC have each requested injunctive relief against Citibank. Accordingly, PFC contends that this action is related to CGC's earlier-filed case and that the two cases should be adjudicated concurrently in the interests of judicial economy.

Signature: /s/ James M. Gross         Date: March 11, 2025

Firm: Foley Hoag LLP